IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

FREDDIE L. GRISBY,                )
                                  )
                Plaintiff,        )        **CIVIL ACTION**
                                  )
v.                                )        No.  07-1133-MLB
                                  )
THE BOEING COMPANY,               )
                                  )
                Defendant.        )
_____ )

<u>**MEMORANDUM AND ORDER**</u>

     This case comes before the court on defendant's motion for summary judgment and plaintiff's motion to amend his complaint. (Docs. 23, 28).  Both matters have been fully briefed and are ripe for decision. (Docs. 24, 27, 29, 30).  Defendant's motion is granted and plaintiff's motion is denied for reasons herein.

**I.   FACTS**

     This is an employment case involving a claim of race discrimination under the Kansas Act Against Discrimination (KAAD) and a claim of retaliatory discharge under Kansas common law.  The following facts are either uncontroverted or, if controverted, taken in the light most favorable, along with all favorable inferences, to plaintiff.  <u>See</u> <u>Hall v. United Parcel Serv.</u>, No. Civ. A. 992467-CM, 2000 WL 1114841, at *5 (D. Kan. July 31, 2000) (citing <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998)).

     Defendant, a manufacturer of commercial airplanes, employed plaintiff from 1979 to June 2005.  In 2001, plaintiff informed an inspector that an airplane part was fine but the inspector decided that the part should be scrapped.  No action was taken against

plaintiff after the part was scrapped.  In November 2004, a supervisor told plaintiff that he had painted a part the wrong color.  Plaintiff filed the appropriate paperwork to the planning office and the part was fixed.  Plaintiff's supervisor, Linda Finkbeiner, allegedly backdated the paperwork for the part.  The paperwork stated that the part was painted on November 21, 2004, even though it was actually painted on November 24.  Plaintiff asserts that the date was changed in order to abide by FAA regulations which require that a part be painted within twenty-four hours of being cleaned.  Plaintiff informed an inspector that the part should be tagged because it was painted out of time.  The part was never tagged and presumably used on an airplane.  Plaintiff complained to Jim Brewer, defendant's personnel representative, in March 2005 about the part.  Plaintiff also complained about the part to Margaret Voorhees, an employee in defendant's ethics office.  Plaintiff's complaint led to a review of plaintiff's concerns.  The ethics office determined that there was nothing wrong with the part.

In June 2005, defendant sold the BCA Wichita Division to Mid-Western.  As a result of the sale, defendant terminated all employees of the Division, including plaintiff.  In August 2005, plaintiff filed a charge of discrimination with the Kansas Human Rights Commission (KHRC), asserting that he was terminated because of his race and in retaliation for filing a discrimination complaint against defendant. On November 16, 2006, KHRC issued a no probable cause determination on plaintiff's charge.  Plaintiff did not appeal that determination. Plaintiff filed this suit on January 12, 2007.

Defendant moves for summary judgment on the basis that plaintiff

-2-

has failed to exhaust his administrative remedies on his race discrimination claim and that plaintiff has failed to establish that he was terminated for "whistle-blowing."

## II.   Summary Judgment Standards

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## III.   Analysis

### A.  Race Discrimination

In order to bring a claim of race discrimination under the KAAD, a plaintiff must have exhausted his administrative remedies. McCall

v. Board of Com'rs of County of Shawnee, KS 291 F. Supp.2d 1216, 1221 (D. Kan. 2003)(citing Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997). A plaintiff who receives a determination of no probable cause from the KAAD must first file a petition for reconsideration prior to filing suit. K.S.A. 44-1010; Henry v. Unified School Dist. No. 503, 328 F. Supp.2d 1130, 1160 (D. Kan. 2004). Plaintiff failed to file a petition for reconsideration with the KAAD. Plaintiff admits that he has failed to exhaust his administrative remedies for his claim of race discrimination under the KAAD.

Accordingly, plaintiff's claim of race discrimination must be dismissed.

### B. Retaliatory Discharge

Plaintiff's second claim alleges that he was fired in retaliation for his complaints about the defective part. Kansas law does recognize the tort of retaliatory discharge for "whistle-blowing." Ortega v. IBP, Inc., 255 Kan. 513, 517, 874 P.2d 1188, 1191 (1994).

> [A] plaintiff establishes a prima facie case of retaliation for whistleblowing by showing that: (1) a reasonably prudent person would have concluded that plaintiff's co-worker or employer was violating rules, regulations or the law pertaining to public health, safety and general welfare; (2) the whistleblowing was done in good faith based on a concern regarding that wrongful activity, rather than a corrupt motive like malice, spite, jealousy or personal gain; (3) the employer knew of the employee's report before it discharged the employee; and (4) defendant discharged the employee in retaliation for making the report.

Taylor v. Home Depot USA, Inc., 506 F. Supp.2d 504, 520 (D. Kan. 2007)(citing Goodman v. Wesley Med. Ctr., L.L.C., 276 Kan. 586,

-4-

589-90, 78 P.3d 817, 821 (2003)).

First, plaintiff has failed to establish a prima facie case of "whistle-blowing." The first element requires that the employer was violating rules or regulations pertaining to public health, safety and general welfare. Plaintiff has failed to demonstrate how a regulation that requires a part to be painted within twenty-four hours of being cleaned pertains to public health, safety and general welfare. See id.; Palmer v. Brown, 242 Kan. 893, 899, 752 P.2d 685, 689 (1988).

Second, even if plaintiff had stated a prima facie case of "whistle-blowing," defendant has provided a legitimate non-discriminatory reason for his termination - everyone in plaintiff's department was fired. Once defendant establishes a legitimate non-discriminatory reason for plaintiff's termination, plaintiff must produce evidence that defendant's motives were pretexual. Goodman, 276 Kan. at 590. Plaintiff has not done so. Therefore, plaintiff's claim for retaliatory discharge must be dismissed.

**C. Motion to Amend**

In an attempt to save his claim of retaliatory discharge, plaintiff has moved to amend his complaint. (Doc. 28). Plaintiff filed his motion on January 7, 2008, more than six months after the deadline stated in the Scheduling Order (Doc. 13). A "schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Plaintiff has failed to establish cause for his late filing. Plaintiff asserts that the new facts that support his retaliatory discharge claim were obtained during discovery. However, plaintiff and defendant submitted a pretrial order to this court after the close of discovery. Plaintiff

-5-

Case 6:07-cv-01133-MLB   Document 31   Filed 02/06/08   Page 6 of 7


does not demonstrate why those additional facts could not be determined at the time the pretrial order was filed.

Moreover, a district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion for summary judgment. <u>Watson v. Beckel</u>, 242 F.3d 1237, 1240 (10th Cir. 2001). The court has already determined that plaintiff failed to establish that defendant's non-discriminatory reason for plaintiff's termination is pretext for retaliation based on his "whistle-blowing" activities. The new allegations in plaintiff's amended complaint do not create any factual dispute as to whether defendant's reason was pretext for retaliation. Therefore, the granting of the motion to amend would be futile.

Plaintiff's motion to amend is denied. (Doc. 28).

## IV.   Conclusion

Defendant's motion for summary judgment (Doc. 23) is granted. Plaintiff's motion to amend his complaint (Doc. 28) is denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion

shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.


          IT IS SO ORDERED.

          Dated this <u>  6th  </u> day of February 2008, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE